Hitchcock, J.
The question raised in this case is, whether the action is local and must be prosecuted in the county where the land lies, or whether it may be treated like a transitory action, and prosecuted in any county where the defendant can be served 211] with process. It being against the defendant as assignee *of a term, if sustained at all, it must be on account of privity of estate and not of contract. Such being the case, according to the rules of the English law, the action is local, and can not be prosecuted except in the county where the land lies. 1 Bac. Ab. 56; Cro. Car. 183; 1 Wils. 165. If we were to follow the English rule, there would be an end of the case, and the demurrer must be overruled.
In England originally, all actions were tried in the proper counties in which the causes of action arose. Hence,’originally, in that country all actions were. local. 7 Co. 11. “ This created no inconveniency, for ail men, being anciently in decenna, they wore easily come at, the decenna being responsible for their appearance; but when the customs of the decennary begun to wear off, men used to fly from their creditors; and this begot the distinction between local and transitory actions, the first relating to lands, which must be tried where the land lies; the other, a debt or duty adhering to the person wherever he fled.” 1 Bac. Ab. 56. From this it appears that the courts of England did not hesitate to change the rule of law, when it became necessary to subserve the ends of justice.
In England, no inconvenience results from keeping up the distinction between local and transitory actions, because, as is well known, the appearance of a defendant can as effectually be compelled in one county as another. Without going into a minute examination of the practice of the courts of that country, suffice it to say, that it is so constructed that an appearance may oe compelled if a defendant is within the realm, so that process can be served upon him, and if he can not be served with process, he may be prosecuted to outlawry. And if after being outlawed he appear, the outlawry will bo reversed upon the slightest grounds, being considered as a species of process to compel his appearance. If the same distinction is kept up m any or all the states of this *212, 213 Union, I presume it will be found that wherever it is so kept up, there is a corresponding practice, either provided by statute or rule of court, to prevent a failure of justice. But if, in this state we were to adhere to the distinction, there must be in many cases an entire ^failure of justice. The same reason which operated [212 in England originally to make this distinction in actions, that is, because “men used to fly from their creditors,” would operate here to induce us to destroy, or almost entirely to destroy, the distinction, and to consider all personal actions, or actions intended to recover debt or damages only, as transitory actions, for men do here, as they “used,” to do there, sometimes “fly from their creditors.”
Whether this 'distinction between local and transitory actions shall be adhered to must depend upon our own peculiar system of jurisprudence. This question, so far as my knowledge extends) is somewhat novel in this state. Within my own recollection there has been but one case in which it was agitated, and that was decided upon the circuit. So far as it respects an action for the recovery of the possession of real property, there can be no doubt such action must be considered as local, and must be tried and determined in the county where the land is situated. The only action of this description known to our practice is the action of ejectment. ■
The constitution of the state provides that there shall be a supreme court and courts of common pleas, but the powers and jurisdiction, as well as practice of these courts, are prescribed by law. By law, as now prescribed, the Supreme Court has original jurisdiction in all civil cases where the matter in dispute exceeds $1,000, and appellate jurisdiction from the court of common pleas in all civil cases where that court has original jurisdiction. In like, manner the courts of common pleas have original jurisdiction in all civil cases where the matter in dispute exceeds $100, and appellate jurisdiction from justices of the peace, in all cases where those officers have original jurisdiction. But this jurisdiction by cither court must be exercised in the proper county. Where, then, is the appropriate county? Is it the county in which the cause of action accrued? If so, then there must be a failure of justice, unless the defendant happen to be within that county, for without the service of process, the court can not take jurisdiction, and process, except in some specified *eases, can not reach beyond [213 *214 the county in which it is issued. If the action be to recover dam-, ages for a trespass upon real property, is the appropriate county the one in which the land trespassed upon lies? If so, the trespasser has nothing to do but pass over a county line, and he escapes with impunity. And so with respect to an action like the one now before the court, if it be held to be local, the assignee of a term entirely exonerates himself from the payment of rent, by fleeing or removing into another county.
In all cases under our system, it would seem where the action is personal, and for the recovery of a debt or damages merely, unless otherwise expressly provided by statute, the appropriate county in which to exercise jurisdiction is the county in which a defendant may be found, so that process can be served upon him. It is not material that he should be a resident of the particular county ; it is sufficient if he be found within it, so that the process can be legally served. By such service, the court from which the process was issued obtains jurisdiction of the person of the defendant, and having jurisdiction of the subject matter of the controversy can proceed with the case.
I am aware of but one class of civil cases, where mesne process can be issued to the sheriff of another county than the one in which the process is issued, and that is where two or more per-' sons residing in different counties are jointly bound in the same note, promise, or obligation. In such case, suit may be commenced in the county in which either of the promisors or obligors reside, and process may be issued to the sheriff or coroner of. the county or counties in which the other promisors or obligors reside, returnable to the court of the county from which issued. 29 Ohio L. 59. After judgment against one of two or more defendants, who has been served with process, a scire facias may be issued to any county in the state, to make a defendant, who was not originally served with process, a party to the judgment. 19 Ohio L. 65.
It is true, that upon return of capias or summons not served, or not found, the plaintiff may sue out a testatum capias or sum-214] mons, *but if is only where the defendant shall have removed to “another county .subsequently to the commencement of the said suit.” 29 Ohio L. 198. By the same statute it is provided, “ that if the defendant, at the time of suing out sush process, have a residence in, or be an inhabitant of the county in which such process was sued out, the court may, on motion of the plaintiff, order a *215 proclamation to bo issued, warning the defendant to appear at a certain day therein named, or that judgment will be rendered against him; which proclamation shall be published three successive days of the court, if the court shall so long remain in session, at the door of the court-house of the county to which the last process was returned, and also three times in some newspaper published in the state. And if the defendant shall fail to appear, pursuant to such proclamation, the same proceedings shall be had, and the same judgment given, as in other cases of default.” These two provisions go to strengthen the position, that the place of residence of a defendant, or the place where he may be found, are material in settling the question of jurisdiction.
Considering all the legislation of the state upon this subject of jurisdiction, we entertain the opinion that it is the person of the defendant which gives a court jurisdiction in a particular case, so far as locality is concerned. And as a defendant can not be compelled to answer in any other county, except the one in which he is served with process, except in some few specified cases, he must bo held to answer there, provided the action be personal, -and sounds merely in debt or damages, and that such actions must, in this state, be considered as transitory.
We are aware that such decision is an innovation upon the subject as understood in England, and perhaps in some or all of the other states of the Union. But it is in conformity with the policy of our own state legislation, and by this we must be controlled. It is necessary for the ends of justice, and no serious inconvenience can result from it.
The demurrer is sustained, and a respondeat ouster awarded.
Demurrer sustained.